RAÚL GAYÁ BENEJAM, Plaintiff and Appellant, v. GOVERNMENT OF THE CAPITAL, Defendant and Appellee.

No. 9511.   Argued December 9, 1947.—Decided February 27, 1948.

*Harry B. Llenza* for appellant. *Fernando B. Fornaris, Carlos del Toro Fernández, Manuel A. Bustelo, James E. Curry* and *Miguel Parga,* for appellee.

Mr. Justice Todd, Jr. delivered the opinion of the Court.

The District Court of San Juan rendered judgment dismissing the complaint filed by Raúl Gayá Benejam who claimed the payment of $1,717 from the Government of the Capital for materials furnished by him in 1938 in connection with certain repairs in the waterwork system. The plaintiff alleged that three orders to supply said material were duly signed by the Administrator and Director of Public Works of the Government of the defendant herein, and that notwithstanding the steps he has taken to recover the money, said debt has not yet been paid.

The Government of the Capital denied the averments of the complaint and as defense alleged that even if said orders had been signed by the aforesaid officers, they were *ultra vires* and void because they had not been authorized on a public call for bids; and because at the time of their issuance and fulfillment there was no money or funds assigned or available in the corresponding appropriation to make the payments thereof; and because these orders were not registered in the corresponding book of the Auditor of the defendant, neither were they signed or approved by said officer.

At the commencement of the hearing in the lower court a pretrial conference was held[1] as a consequence of which the parties stipulated the following: " . . . we have reached

---

[1] Rule 16 of the Rules of Civil Procedure.

an agreement that the Government of the Capital admits the averments of the complaint and only sets up the defense that these orders cannot be paid because they were made without having an appropriation in the budget and because they were not authorized by the Auditor of the Government of the Capital at that time."

After plaintiff introduced his documentary evidence and the defendant both oral and documentary, the court, as we have said, dismissed the complaint. The plaintiff appealed and alleges that the trial court erred: (1) in permitting Rafael Calderón Grau to testify as to the practice followed to authorize an order for supplies and materials; (2) in admitting in evidence Exhibits A and B of the defendant, because (a) they were not duly identified and (b) because they were not the best evidence to show defendant's defense, and (3) in deciding that the budget of the Government of the Capital for the fiscal year 1938–39 contained no appropriation whatsoever to pay the orders referred to in this suit.

██ The first assignment lacks merit. The witness Rafael Calderón Grau, accountant of the office of the Auditor of the defendant, was asked what was the practice followed to carry through an order for supplies and materials, and he explained that the head of the department who needs the material issues an order signed by him which goes to the Mayor for his signature and approval and then it goes to the Office of the Municipal Auditor where it is registered under the item and the appropriation therefor; that if it has an available credit, it is registered and then the order is legal.

Accepting that the last words used by the witness are a conclusion to which the court had to arrive, the rest of his testimony was the result of plaintiff having presented copies of the three orders to supply materials, dated August 4, 1938, signed by the Director of Public Works and by the Administrator of the Capital but not by the Auditor. It is true that,

as appellant maintains, the legal presumption is that contracts are presumed valid and that the defense of *ultra vires* should be made by plea and proof, the burden of proof being upon the party raising it; *Tomasini* v. *Municipality,* 50 P.R.R. 766; however, it was precisely to overcome this presumption that the defendant presented evidence as to the practice followed in connection with these orders of supplies inasmuch as the signature of the auditor does not appear in any of those presented by the plaintiff certifying that they had been registered and that there were funds available in the corresponding appropriation to cover their payment. The question only called for an explanation of the steps usually taken for the final approval of this kind of orders.

Appellant contends that the orders had been accepted by the defendant and that the latter relied solely on his plea of want of an appropriation in the budget to pay the amount. We do not agree with him. The stipulation of the parties shows that that was defendant's defense as well as the fact that the orders were not authorized by the Auditor of the Government of the Capital.

■■ In his second assignment appellant alleges that the court erred in admitting in evidence Exhibits A and B of the defendant.

These exhibits consist of two volumes containing the Ordinances and the Resolutions approved by the Board of Commissioners of the Government of the Capital corresponding to 1936–1937 and 1938–1939. These volumes were published pursuant to § 43 of Act No. 99, "To establish a special Government for the Capital of Porto Rico, and for other purposes," approved May 15, 1931 which in its pertinent part provides: "At the end of each fiscal year all ordinances adopted shall be bound in one volume, and shall be printed and sold at such reasonable price as the Board of Commissioners may determine."

Appellant argues that the court erred in admitting the budget for 1937–38 contained in Exhibit B as well as Ordinance 519 A amending said budget, contained in Exhibit A, inasmuch as those documents were not duly identified by the Secretary of the Government of the Capital by means of the minute book in his charge.

Appellant is wrong. Furthermore, the citation made in his brief taken from 22 C. J. 794, is contrary to his contention because it is said therein: "Books or pamphlets purporting to contain the ordinances of a city and to be published by municipal authority are frequently made *prima facie* evidence of such ordinances by charter or the general law; and they have been held admissible even in the absence of express provision, and even where a different method of proof is allowed by statute or ordinance."

The official publication of the ordinances and resolutions approved by a municipality, authorized by law, has the presumption of being correct. Section 69 of the Law of Evidence (§ 431 Code of Civil Procedure, 1933 ed.) provides that "Other official documents may be proved as follows: 5. Acts of a municipal corporation of Puerto Rico, or of a board or department thereof, by a copy certified by the legal keeper thereof, *or by a printed book published by the authority of such corporation.*" (Italics ours.) In the instant case the two volumes admitted in evidence are official publications of the Government of the Capital, authorized by § 43, *supra.* No evidence was presented by the plaintiff tending to show that the ordinances relating to the budget for 1937–38 were not correct. The court did not err in admitting them.

Appellant maintains, however, that in the hypothesis that they were lawfully admitted they did not constitute the best evidence to prove defendant's plea in the sense that the orders were *ultra vires.* Appellant's contention is that the books containing the entries of the appropriations assigned

in the budget were the best evidence, for it is in those books that all the disbursements authorized are entered, and the only manner of determining at any time whether there are available funds for each item to meet an expense is by consulting those books. Appellant also cites subdivisions 3 and 4 of § 20 of Act No. 99 of 1931 [2] to maintain that the Administrative Board had authority to approve miscellaneous expenses from the item of ordinary funds and that the Board acted correctly in approving the payment [3] of the amounts claimed inasmuch as it could transfer funds from Item No. 3506 of $3,500 for the repair and conservation of water works to Item No. 3516 of $500 for miscellaneous.

Conceding, without deciding as did the lower court, that the Board could have made the transfer of funds, the principal fact in this case, as was also stated by the lower court, is that the plaintiff did not present evidence to show that the Administrative Board made any transfer from item No. 3506 to item No. 3516. As correctly stated by the trial court "The fact that the aforesaid orders were signed in the manner in which they were, charging them against item No. 3516, clearly tends to show the contrary." It was incumbent on the plaintiff to prove that the Administrative Board had authorized the transfer but failed to do so, inasmuch as his own evidence showed that the Board authorized the expenditure of

---

[2] Section 20 provides that "The officials specified in section 10 of this Act, with the exception of the auditor and of the secretary of the Capital, shall constitute an official body which shall be called 'Administrative Board of the Capital', which shall be presided over by the City Manager, and it shall have the following powers:

"(1) .        .        .        .        .        .        .        .

"(2) .        .        .        .        .        .        .        .

"(3) To approve incidental expenses to be paid from items for current or school funds;

"(4) To make transfers among appropriations of any current fund or school fund."

[3] On the margin of each one of the orders subject matter of this action it was stated "I certify: That the Administrative Board, in its regular session of August 4, 1938, approved this disbursement chargeable to item No. 3516, Miscellaneous, Waterworks. (Signed) Luis A. Castro, Secretary."

$1,717 to be charged to a specific item, No. 3516, which had an appropriation of $500 only.

■ Lastly, the lower court decided that item No. 3516—Miscellaneous—$500, provided in the budget could not be used to meet, totally or partially, the payment of the materials ordered. It based its conclusion on § 3 of Ordinance No. 405 of the budget, which provides in its pertinent part, that:

"The appropriation for 'Miscellaneous', provided in this budget shall be dedicated solely to meet miscellaneous expenses for items of the different offices of the Government of the Capital to be used in the acquisition of material, equipment, and the rendering of public services . . ."

Conceding, without deciding, that the interpretation given to this Section by the lower court be correct, we believe that since in each order, subject matter of this action, the certificate of the Auditor of the Capital [4] appears in blank and without signature, to the effect of establishing that they had been registered in his department and that item No. 3516, after deducting the total amount of the aforesaid orders, had available credit for the payment of the material ordered, said orders show on their face that they could not be paid, for § 36 of Act No. 99 of 1931, *supra*, in its pertinent part provides that the Auditor of the Capital: "Shall sign all warrants and *orders for the payment of money from the public funds of San Juan.*" (Italics ours.) The uncontradicted oral evidence showed, moreover, that when there is a credit in favor of an item against which an expense is filed,

---

[4] Exhibit 1 of plaintiff reads:

"I CERTIFY: That in the aforesaid item, after deducting the total amount of all the orders previously verified by me, there is an available credit to cover the payment of supplies or material listed herein.

No. 282

Section 350

No. of the Auditor _____

Registered today _____
Folio of the Registry of

_____
Auditor of the Capital

orders _____"

the order is registered by the Auditor in his books. Since plaintiff's orders are neither approved nor registered by the Auditor of the Capital, the only conclusion that we can reach is that item No. 3516 to which said orders were charged by the Administrative Board, did not have the available credit for its payment. And this being so, the trial court did not err in dismissing the complaint. *Torruellas* v. *Municipality,* 62 P.R.R. 207; *González* v. *Municipality,* 61 P.R.R. 357.

Judgment is affirmed.

Mr. Justice Marrero did not participate herein.